Ruffin, C. J.
 

 It was argued for the plaintiff, that the administrators’confession of judgments, in suits brought after that of the plaintiff, is in effect the same thing as making voluntary payments to one creditor after suit brought by another, and therefore that it ought_not to be allowed. But it is perfectly settled, that the executor has the right to make that preference, before he pleads. 1 Hay. 295.
 
 Grier
 
 v.
 
 Combs,
 
 Tay. R. 138. The reason why the executor should be enabled to do so, is well explained by Lord Ellenborougii in
 
 Tollput
 
 v.
 
 Wells,
 
 1 Maul. & Selw. 395, and both the rule and reason were approved by this Court in
 
 Hall
 
 v.
 
 Gulley,
 
 4 Ired. 345. It might, perhaps, have been doubted, whether the Court ought to give leave to an executor to delay pleading, in order to give him time to appropriate the assets, so that he could plead safely; or whether the leave thus given should have the effect of working prejudice fo a creditor first suing. But the practice on that point seems to be settled in England, and; at all events, in this State, it is expressly provided by the Act of 1S28, that an executor may have nine months to plead, and that, then, he may have any plea, relative to the assets, which could bo pleaded, had the suit been instituted at that time.
 
 Rev. Stat. ch.
 
 46,
 
 sec. 25.
 
 Therefore, it is clear that the plea in this case does not, under the statute, relate to the commencement of the suit, or any other point of time prior to that', at which the executor is bound to plead, after the expiration of the nine months. In this case, the defendants had, at the time of plea, paid more on the debts of the in
 
 *131
 
 testate and the necessary expenses, than the whole amount of assets ; and therefore the directions to the jury were right. '
 

 Per Curiam.
 

 Judgment accordingly.